IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ADETUTU ETTI, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:21-CV-631-P |
| | § | |
| MICHAEL CARR, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Adetutu Etti, a federal prisoner confined at FMC-Carswell, against Michael Carr, warden of FMC-Carswell, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for failure to exhaust administrative remedies.

## BACKGROUND

Petitioner is serving an 85-month total term of imprisonment for her 2019 convictions in the Dallas Division of the United States District Court for the Northern District of Texas for conspiracy to commit health care fraud and making false statements in health care matters. J., United States v. Etti, No. 3:16-CR-00240-B(3), ECF No. 367. Her projected release date is May 1, 2015. Resp't's Resp. 1, ECF No. 8. In this petition, Petitioner claims that the Bureau of Prisons (BOP) has refused to calculate her earned time credits for evidence-based recidivism reduction programs and productive activities under the First Step Act so as to qualify her for home confinement via the CARES Act. Pet. 3, ECF No. 1.

## ISSUES

Petitioner raises the following claims, verbatim:

(1) The First Step Act (FSA) was enacted on December 21, 2018. Congress set fourth its clear intention through the plain language of sections 101 and 102, the amendments relating to the application of earned time credits and implementation of the system that calculates those shall take effect beginning 210 days from its enactment, which occured [sic] on July 19, 2019.

(2) The Petitioner has earned a total of 1185 days of earned time credits, a little over 3 years of credit.

(3) The Petitioner was determined by BOP to have a minimum pattern score in December 2019 and in June 2020.

(4) The Petitioner has earned 3 years of earned time credits. These earned time credits, once credited to her sentence computation will result in the petitioner completing roughly four years of her sentence.

Pet. 8–9, ECF No. 1. Petitioner requests that the Court "order the BOP to immediately calculate the earned time credits she is entitled to pursuant to the [FSA] and apply those credits to her sentence computation consistent with FSA." *Id.* at 9. Respondent asserts that the petition should be dismissed because Petitioner, by her own admission, did not exhaust her administrative remedies and because she is not entitled to the relief she seeks. Resp't's Resp. 7, ECF No. 8.

## DISCUSSION

### A. The FSA

The First Step Act of 2018 (FSA), enacted on December 21, 2018, provides, among other things, for a system allowing eligible prisoners to earn time credits toward time in

2

prerelease custody or supervised release for successfully completing evidence-based recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4)(A). Under the FSA, the Attorney General was charged with creating a new risk and needs assessment system, entitled "Prisoner Assessment Tool Targeting Estimated Risk and Needs" (PATTERN), to assess the recidivism risk of each prisoner and assign appropriate programing and activities to him/her based on various factors. *See* U.S. DEP'T OF JUSTICE, OFF. OF THE ATT'Y GEN., The First Step Act of 2018: Risk and Needs Assessment System (July 19, 2019), https://www.nij.gov/documents/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf. Although the FSA required the BOP to "begin to assign prisoners to the appropriate evidence-based recidivism reduction programs based on that determination" and "begin to expand the effective evidence-based recidivism reduction programs and productive activities it offers" by January 15, 2020, the FSA provides two years for the BOP to "provide such evidence-based recidivism reduction programs and productive activities to all prisoners." 18 U.S.C. § 3621(h)(2). Furthermore, the BOP has determined that FSA time credits "may only be earned for completion of assigned programs and activities authorized by BOP and successfully completed on or after January 15, 2020." *See* U.S. DEP'T OF JUSTICE, FED. BUR. OF PRISONS, https://www.bop.gov/inmates/fsa/faq.jsp#fsa_time_credits. Prisoners that successfully complete his/her assigned programs and activities "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). Additionally, a prisoner determined "to be at a minimum or low risk for

3

recidivating, who, over 2 consecutive assessment, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." *Id.* § 3632(d)(4)(A)(ii).

### B. Exhaustion

Respondent asserts that the petition should be dismissed because Petitioner failed to exhaust her administrative remedies. Resp't's Resp. 1–3, ECF No. 8. Federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Judicial enforcement of the administrative exhaustion requirement promotes judicial efficiency and conserves scarce judicial resources, allows the agency time to develop the necessary factual background and apply its specific expertise, and discourages the deliberate flouting of the administrative process. *McKart v. United States*, 395 U.S. 185, 193–95 (1969).

The administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-.19. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative

remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" when administrative remedies are "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62. The petitioner bears the burden of showing the futility of exhaustion. *Id.*

Petitioner acknowledges that she did not pursue her administrative remedies but claims that her staff counselor refused to provide the form required to file her complaint. Pet. 3, ECF No. 1. According to Petitioner,

> the administrative remedy process is futile if the initial informal complaint form is not provided to the inmate. The next level, a BP-9, requires the answer to the informal complaint (form 8.5), as a condition to provide a response. Without the response and the form 8.5, the BP-9 will be rejected unanswered, and the rejection process is continued at every level afterwards. The process is futile.

*Id.* at 4.

"If the institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not 'available' to the prisoner." *Aceves v. Swanson*, 75 F. App'x 295, 296 (5th Cir. 2003). Petitioner, however, presents no evidence in support of her allegation that she sought a form 8.5, but her staff counselor refused the request, or that any attempt to exhaust would be futile. Furthermore, exhaustion of administrative remedies would serve to develop the relevant factual record as to any

5

decisions the BOP may make unique to Petitioner's case, such as the actual number of days of credits she has accumulated, if any, and the number of days by which the credits reduce her sentence, and to resolve any factual disputes. For example, Petitioner asserts that she has completed 1185 days of programs and activities and so is entitled to "a little over three years" of earned time credit, while Respondent asserts that only three of the programs or activities listed on her program review documentation were completed after January 15, 2020, the date that the programs or activities became eligible for earned time credits, and that none of those classes are among the BOP's FSA Approved Programs Guide and are, thus, not eligible for earned time credits. Resp't's Resp. 5, ECF No. 8.

The Court agrees with the overwhelming majority of courts in other districts to have considered the issue have agreed that exhaustion of administrative remedies is required to assist in developing the relevant facts and legal issues. *See, e.g.*, *Rominger v. Spaulding,* No. 1:21-CV-00943, 2021 WL 2894760, at *2–3 (M.D.Pa. July 9, 2021), *appeal filed,* No. 21-2527 (3d Cir. Aug. 17, 2021); *Toussaint v. Knight,* No. 6:21-CV-00764-HMH-KFM, 2021 WL 2635887, at *3–4 (D.S.C. June 4, 2021), *R. & R. adopted,* 2021 WL 5479 (D.S.C. Jun 25, 2021); *Workman v. Cox,* No. 4:20-CV-04197-LLP, 2021 WL 1080396, at *1–3 (D.S.D. Jan. 13, 2021), *R. & R. adopted,* 2021 WL 1060205, (D.S.D. Mar. 18, 2021); *Salter v. Fikes,* No. 20-CV-2253, 2021 WL 2365041, at *5–6 (D.Minn. May 5, 2021), *R. & R. adopted,* 2021 WL 2354934 (D.Minn. June 9, 2021); *Owens v. Joseph,* No. 3:20-CV-6008-LC-TTC, 2021 WL 3476621, at *1–3 (N.D.Fla. Apr. 19, 2021), *R. & R. adopted,* 2021 WL 3472837

(N.D.Fla. Aug. 5, 2021); *Cohen v. United States,* No. 20-CV-10833, 2021 WL 1549917, at *4 (S.D.N.Y. Apr. 20, 2021).

Because Petitioner failed to exhaust her administrative remedies as to the claims raised, or demonstrate the futility of exhaustion, the petition should be dismissed so that she may pursue her administrative remedies.

## CONCLUSION

For the reasons discussed, the Court **DISMISSES** Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice for failure to exhaust administrative remedies.

**SO ORDERED** on this 1st day of September, 2021.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE